**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SHENZHEN KESITE DIGITAL TECHNOLOGY CO., LTD,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-02122

**FILED UNDER SEAL**

**DECLARATION OF TONGBIN XU**

I, Tongbin Xu, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the General Manager of Plaintiff limited company in this lawsuit. I make this declaration from matters within my knowledge save where otherwise stated.

3. Plaintiff is the official source of products associated with [redacted]

[redacted]

4. Plaintiff is the owner of a copyright registration that is identified by United States Copyright Registration No. [redacted] ("Works-In-Suit"). A true and correct copy of the copyright registration for the Works-In-Suit is attached to the Complaint as **Exhibit A**.

5. I control the quality of all materials and content that feature the distinctive [redacted] artwork.

6. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Works-In-Suit. As a result, the image is widely recognized and exclusively associated by consumers, the public, and the trade.

7. The success and acclaim of the Works-In-Suit has resulted in significant infringement of Plaintiff's copyright. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings

identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in **Schedule A** attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and/or importing unauthorized copies of the Works-In-Suit to consumers in this judicial district and throughout the United States.

8. Prior to filing this Declaration, I, or someone working under my direction, accessed the Defendants' merchant storefronts through the online ecommerce platform Amazon.com ("the Merchant Storefronts") operating under the Defendant Internet Stores. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing products were being offered for sale to the United States, including Pennsylvania. The Defendants and their merchant storefronts do not conduct business with me and do not have the right or authority to use the copyrights for any reason. Below is a side-by-side comparison of the Works-In-Suit and examples of Defendants' products reviewed that embody the copyrighted Works-In-Suit:

| Reg. Number | Title of Work | Copyrighted Work | Defendants' Image |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

9. The checkout pages or order forms for the Infringing Products confirm that

each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Merchant Storefronts and User Accounts and that each Defendant provides shipping and/or has actually shipped Infringing Products to Pennsylvania and other locations throughout the United States.

10. Monetary damages alone cannot adequately compensate Plaintiff for the ongoing infringement because monetary damages fail to address the loss of control and damage to Plaintiff's reputation, goodwill, and control over the nature of the derivative works made using Plaintiff's copyright material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to Plaintiff's reputation and goodwill by acts of infringement.

11. Plaintiff's goodwill and reputation are irreparably damaged when the Works-In-Suit is used on unauthorized goods. Plaintiff is further irreparably harmed by the unauthorized use of the copyrighted material because infringers take away Plaintiff's ability to control the nature and quality of products bearing the Works-In-Suit.

12. Plaintiff is further irreparably damaged due to loss of exclusivity. The copyright rights in the Works-In-Suit are meant to be exclusive rights.

13. The marketing and distribution of the Works-In-Suit are aimed at growing and sustaining sales. When infringers use the Works-In-Suit without authorization, the

exclusivity associated with the Works-In-Suit, as well as Plaintiff's reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Works-In-Suit creates the impression that the copyright rights associated with the Works-In-Suit may be infringed with impunity. The Works-In-Suit is distinctive and signifies to consumers that products are authorized by Plaintiff and are manufactured to Plaintiff's high-quality standards. The devaluing of the intellectual property associated with the Works-In-Suit cannot be compensated for financially since it erodes Plaintiff's ability to monetize the Works-In-Suit.

15. Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 15, 2026

Respectfully submitted,

Tongbin Xu

Tongbin Xu